IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **CRISTOBAL VASQUEZ AVILA,** | § § § | |
| Petitioner, | § § | |
| v. | § § | **CAUSE NO. EP-26-CV-145-KC** |
| **BRIAN SCOTT GREEN et al.,** | § § § | |
| Respondents. | § § | |

# ORDER

On this day, the Court considered Cristobal Vasquez Avila's Petition for a Writ of Habeas Corpus, ECF No. 1. Vasquez Avila is detained at the ERO El Paso Camp East Montana facility in El Paso, Texas. *Id.* ¶ 40. He argues that his detention is unlawful and asks the Court to order his immediate release. *Id.* ¶¶ 42–77; *id.* at 21.

On January 8, 2026, Vasquez Avila was detained despite being the beneficiary of deferred action through an approved Special Immigrant Juvenile Status ("SIJS") application since 2024. *Id.* ¶¶ 2–3, 37, 40. In its Show Cause Order, ECF No. 3, the Court noted that, "[a]s alleged, [Vasquez Avila's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1, 10–13 (W.D. Tex. Oct. 2, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Vasquez Avila's case warrant a different outcome." *Id.*

Respondents state that they "have considered the Court's prior rulings" and concede that "[t]here are no material factual differences and the common question of law between this case and those rulings, would control the result in this case." Resp. 1, ECF No. 4. Respondents cite

this Court's decision in *Tisighe v. De Anda-Ybarra et al.*, No. 3:25-cv-593-KC (W.D. Tex. Dec. 5, 2025), as well as six decisions issued by other judges in the Western District of Texas. *See id.* at 1–2. Instead of reprising the same legal arguments that this Court rejected in *Tisighe*,[1] Respondents "preserve[] all rights" and "incorporate by reference the legal arguments" they raised in *Tisighe* and other cases in this District. *Id.* at 3. As Respondents acknowledge that this case is materially indistinguishable from this Court's prior decisions, it follows that the same result is warranted here.

As to the appropriate remedy, "courts have typically ordered a bond hearing to remedy procedural due process violations for immigration detainees . . . where, unlike here, the government has at least some articulable, legitimate interest in detaining the petitioner." *Santiago*, 2025 WL 2792588, at *13. Respondents do not explicitly identify any interest in detaining Vasquez Avila. *See generally* Resp. And because he cannot be removed, Respondents do not have any legitimate interest in his continued detention. *Santiago*, 2025 WL 2792588, at *13. Because "there is no legal basis to detain" Vasquez Avila, his "immediate release is warranted." *See id.* at *14.

Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under

---

[1] In *Tisighe* this Court rejected Respondents' boilerplate arguments for the same reasons it rejected those arguments in its previous immigration habeas decisions. *See* Order, *Tisighe v. De Anda-Ybarra*, No. 3:25-cv-593, at *2 (W.D. Tex. Dec. 5, 2025), ECF No. 4 (citing *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago*, 2025 WL 2792588, at *1–14; *Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025)).

[2] The relevant facts are undisputed, *see generally* Resp., and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

the Government's new interpretation of 8 U.S.C. § 1225(b), Vasquez Avila's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, **on or before February 10, 2026**, Respondents shall **RELEASE** Vasquez Avila from custody.

**IT IS FURTHER ORDERED** that, **on or before February 10, 2026**, Respondents shall **FILE** notice informing the Court whether Vasquez Avila has been released from custody.

**There will be no extensions of the February 10, 2026, deadlines**.

**SO ORDERED**.

**SIGNED** this 3rd day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE